*25136/notice.removal*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Shark Properties, LLC, | ) | |
| | ) | Case No.:  1:25-cv-06948 |
| Plaintiff, | ) | |
| v. | ) | NOTICE OF REMOVAL |
| American Family Insurance Company, | ) | (28 U.S.C. §1446) |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHER DISTRICT OF ILLINOIS, EASTERN DIVISION, AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to 28 USC Sections 1332, 1441, and 1446, Defendant American Family Insurance Company respectfully submits this Notice of Removal of the case entitled Shark Properties, LLC v. American Family Insurance Company 2025 L 006695 pending in the in the Circuit Court of Cook County, Illinois, County Department, Law Division (the "State Court Action"), In support of its Notice of Removal, Defendant states as follows:

**I.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

1.      On or around May 22, 2025, plaintiff, Shark Properties, LLC ("Plaintiff") commenced the State Court Action against Defendants by filing a complaint (the "Complaint"). See **Exhibit A**—Plaintiff's Complaint.

2.      The Plaintiff was organized under the Illinois Limited Liability Act on or around October 10, 2019. See **Exhibit B**—Plaintiff's Articles of Organization.

3.      Under Illinois law, limited liability companies are considered citizens of every state of which any member is a citizen. See *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

4.      Upon information and belief, Plaintiff's principal place of business is 214 E. 51st Street, Chicago, IL 60615. See **Exhibit A** at ¶1 and **Exhibit B**.

5.      Upon information and belief, Plaintiff is owned and managed by no more than four members; namely, Mahmoud Al-Jibawi, Alaelddin Al-Jibawi, Jihad Jibawi, and Samira Jibawi. See **Exhibit B** and **Exhibit C**—Screen Capture of IL Secretary of State Webpage.

6.      Upon information and belief, Mahmoud Al-Jibawi is, and at all relevant times was, a citizen of the State of Illinois. See **Exhibit B**.

7.      Upon information and belief, Alaelddin Al-Jibawi is, and at all relevant times was, a citizen of the State of Illinois. See **Exhibit B**.

8.      Upon information and belief, Jihad Jibawi is, and at all relevant times was, a citizen of the State of Illinois. See **Exhibit B** and **Exhibit C**.

9.      Upon information and belief, Samira Jibawi is, and at all relevant times was, a citizen of the State of Illinois. See **Exhibit C**.

10.      Defendant, American Family Insurance Company ("AFIC") is a corporation. See **Exhibit A**, ¶2.

11.      A corporation is a citizen of both its state of incorporation and the state in which it maintains its principal place of business. See 28 U.S.C. §1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

12.      AFIC was incorporated in the State of Wisconsin on November 21, 1995. See **Exhibit D** ¶2—Affidavit of Eric Johnson; **Exhibit E**—Screen Capture of NAIC Webpage.

13.      Since November 21, 1995, AFIC has continuously remained incorporated in the State of Wisconsin. See **Exhibit D**, ¶3 .

14.     The primary business address for AFIC is and at all relevant times was located at 6000 American Parkway, Madison, WI 53783. See **Exhibit D** ¶4 and **Exhibit E**.

15.     The mailing address for AFIC is and at all relevant times was located at 6000 American Parkway, Madison, WI 53783. See **Exhibit D** ¶4 and **Exhibit E**.

16.     The "Statutory Home Office" address for AFIC is and at all relevant times was located at 6000 American Parkway, Madison, WI 53783. See **Exhibit D** ¶4 and **Exhibit E**.

17.     The main administrative office address for AFIC is and at all relevant times was located at 6000 American Parkway, Madison, WI 53783. See **Exhibit D** ¶4 and **Exhibit E**.

18.     At all relevant times, Defendant's high-level officers have directed, controlled, and coordinated the corporation's activities in the State of Wisconsin, specifically from 6000 American Parkway, Madison, WI 53783. See **Exhibit D** ¶5.

19.     From November 21, 1995 to present, Defendant's "nerve center" of its business has been in the State of Wisconsin. See **Exhibit D** ¶5.

20.     Complete diversity exists.

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

21.     All that is required for removal is a reasonable probability that more than $75,000 is in controversy. *Rising-Moore v. Red Rood Inns, Inc* 735 F. 3d 813, 815 (7th Cit. 2006).

22.     This action arises out of an alleged fire and alleged damage to and complete destruction of a commercial building on or around June 01, 2020. See **Exhibit A**.

23.     The policy at issue has a coverage limit of six hundred and six thousand dollars ($606,000.00) of which approximately there remains cost of replacement coverage of approximately three hundred and forty-six thousand dollars ($346,000.00). See **Exhibit D** ¶6.

24.     Upon information and belief, Plaintiff has allegedly obtained a proposal that seemingly suggests that the cost to replace the destroyed building will greatly exceed the policy coverage limit. See **Exhibit D** ¶7.

25.     Although Defendants deny liability for any amount, upon information and belief, the amount in controversy exceeds seventy-five thousand dollars $75,000.

### III.     REMOVAL WAS TIMELY PURSUANT TO 28 U.S.C. §1446

26.     The Notice of Removal the civil action or proceeding shall be filed within 30 days after the receipt by the defendant through service or otherwise of a copy of the initial pleadings setting for the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §1446.

27.     The initial pleading upon which this action is based was filed on May 22, 2025. See **Exhibit A**.

28.     This Notice of Removal was filed within 30 days of the initial pleading, which clearly meets the requirements 28 U.S.C. §1446.

### IV.     ADDITIONAL MATTERS

29.     In accordance with 28 U.S.C § 1447(b) Defendant has attached to this Notice of Removal true and correct copies of all records and proceedings from the State Court Action. See **Exhibit A**; **Exhibit F**.

30.     In accordance with 28 U.S.C. § 1446(d), defendant shall give prompt written notice of the removal of this case and shall file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois.

**WHEREFORE**, Defendant hereby respectfully requests this Notice of Removal be accepted as good and sufficient as required by law and that the aforementioned State Court Action be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, the district in which the State Court Action is pending and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which defendants are entitled.

AMERICAN FAMILY INSURANCE COMPANY,
Defendant

By:     /s/Troy A. Lundquist
        One of Its Attorneys

Troy A. Lundquist #06211190
LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC
2400 Glenwood Avenue, Suite 200
Joliet, IL 60435
(815) 726-3600
tlundquist@lglfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, an attorney, state that I caused to be served the foregoing with enclosures referred to thereon, by e-mailing copies to the attorneys of record at the addresses of record on the 23rd day of June, 2025.

_/s/ Troy A. Lundquist_